**MCKENZIE–WILLAMETTE REGIONAL MEDICAL CENTER ASSOCIATES, LLC, doing business as McKenzie–Willamette Medical Center, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

No. 15-1125
Consolidated with 15-1171
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed: 11/22/2016

Bryan Tyler Carmody, Esquire, Law Office of Bryan T. Carmody, Glastonbury, CT, Kaitlin Kaseta, Attorney, Law Office of Kaitlin A. Kaseta, West Hartford, CT, for Petitioner (Case No. 15-1125).

Usha Dheenan, Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, Gregoire Frederic Sauter, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent (Case No. 15-1125).

Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Petitioner (Case No. 15-1171).

Bryan Tyler Carmody, Esquire, Law Office of Bryan T. Carmody, Glastonbury, CT, Kaitlin Kaseta, Attorney, Law Office of Kaitlin A. Kaseta, West Hartford, CT, for Respondent (Case No. 15-1171).

Before: Srinivasan and Millett, Circuit Judges, and Randolph, Senior Circuit Judge.

### JUDGMENT

Per Curiam

The court has considered this petition for review and the cross-petition for enforcement of an order of the National Labor Relations Board on the record and on the parties' briefs. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). After giving full consideration to the issues, we have determined that a published opinion is not needed. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

The Board found that petitioner McKenzie-Willamette Regional Medical Center violated 29 U.S.C. § 158(a)(1) and (5) when it failed to provide information a union requested during collective bargaining. *McKenzie–Willamette Med. Ctr. & Serv. Employees Int'l Union Local 49*, 362 N.L.R.B. No. 20 (Feb. 24, 2015).

The company's petition for judicial review does not contest the Board's decision on its merits. The argument instead is that the Board's order should not be enforced because the complaint charging the company with unfair labor practices was void. Regional Director Ronald K. Hooks issued the complaint. The appointment of a Regional Director requires a quorum of the Board consisting of no less than three members. 29 U.S.C. § 153(b); 67 Fed. Reg. 62992-01 (Oct. 1, 2002). The company claims the Board appointed Hooks on January 6, 2012, at which time it lacked a

quorum. *See N.L.R.B. v. Noel Canning*, — U.S. —, 134 S.Ct. 2550, 2557, 2578, 189 L.Ed.2d 538 (2014). During the administrative proceedings the Board's General Counsel produced Hooks' Certificate of Appointment. The certificate bore the date of December 22, 2011, when the Board clearly had a quorum. The Administrative Law Judge, in a decision the Board adopted, took official notice of the certificate. In light of that document, the Board determined—with ample support, *see, e.g., Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 157, 2 L.Ed. 60 (1803)—that even though Hooks may not have assumed his duties until several weeks after December 22, 2011, this had no bearing on the legality of his appointment.

The company objects that the Board's General Counsel did not present the Certificate of Appointment until after the administrative hearing closed. But the company first raised this defense at the last moment. Moreover, at the administrative hearing before the record closed, the General Counsel specifically stated that Regional Director Hooks was appointed on December 22, 2011. In addition, the company expressly agreed to supplemental briefing on its very belatedly raised claim. Accordingly, this is not a case in which the company was surprised or caught off guard by the General Counsel's submission. In any event, the ALJ and the Board properly relied on the certificate. The Federal Rules of Evidence govern proceedings before the National Labor Relations Board as far as practicable. 29 U.S.C. § 160(b). The Board took notice of the date, December 22, 2011, on Hooks' Certificate of Appointment as a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). The certificate was a self-authenticating document. *See Yellow Taxi Co. of Minneapolis v. N.L.R.B.*, 721 F.2d 366, 375 n.29 (D.C.

Cir. 1983). It contained a "seal purporting to be that of ... [an] agency [of the United States]" and "a signature purporting to be an execution or attestation." FED. R. EVID. 902(1).

The company also claims that the Board was estopped from considering evidence that Director Hooks was appointed on December 22, 2011. The Board was estopped, the company says, because in the Ninth Circuit in a case involving a different employer the Board filed a brief stating that Regional Director Hooks had been appointed in January 2012. But the Board later notified the Ninth Circuit that it had misstated the date of appointment in the brief. In addition, there was no "definite representation to the party claiming estoppel": the misstatement in the brief was to a different party in a different court. *Morris Commc'ns, Inc. v. F.C.C.*, 566 F.3d 184, 191 (D.C. Cir. 2009) (internal quotations omitted). The company also argues that the Board press release announcing the appointment of Hooks in January 2012 estopped the Board. This is incorrect. The press release mentioned only the date of the announcement, not the date of the appointment.

The company, relying on 5 U.S.C. § 556(e), argues that we must remand the case to the Board and order it to reopen the record. We do not agree. Section 556(e) states: "When an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary." The company did not make the necessary "good showing it could contest the evidence." *BNSF Ry. Co. v. Surface Transp. Bd.*, 453 F.3d 473, 486 (D.C. Cir. 2006) (internal quotations and alteration omitted). Information about when Hooks began working as the Regional Director did not contradict "the significance of the [ ] offi-

cially noticed information." *S. Cal. Edison Co. v. F.E.R.C.*, 717 F.3d 177, 188 (D.C. Cir. 2013). Moreover, there is no indication the company could provide other evidence to contradict the date on the certificate. *Midwest Television, Inc. v. F.C.C.*, 426 F.2d 1222, 1229 (D.C. Cir. 1970). The company requested discovery without even specifying what it hoped to find. Therefore, the Board did not abuse its discretion in not reopening the administrative record. *See Reno Hilton Resorts v. N.L.R.B.*, 196 F.3d 1275, 1285 n.10 (D.C. Cir. 1999).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 4.